UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 24-169 (JWB/SGE) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Timothy Michael Decker, | |
| Defendant. | |

David Green, Esq., United States Attorney's Office, counsel for Plaintiff.

Jean M. Brandl, Esq., Office of the Federal Defender, counsel for Defendant.

Defendant Timothy Michael Decker has objected to the July 30, 2025 Report and Recommendation ("R&R") of United States Magistrate Judge Shannon G. Elkins. (Doc. No. 68.) The R&R recommends denying Decker's Motion to Suppress Evidence (Doc. No. 53). Upon review, Decker's objections are overruled, and the R&R is accepted.

DISCUSSION

District courts review the portions of a magistrate judge's R&R to which a party objects de novo. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A district judge may accept, reject, or modify all or part of the findings or recommendations. *See id.* Here, the R&R is well-reasoned and correctly applies the law.

I.   **Factual Summary**

The relevant facts are set forth in detail in the R&R, and those facts are fully adopted here. Neither side contests the R&R's factual background.

In summary, Decker and his girlfriend were arrested on active felony warrants in January 2024, after which officers searched their vehicle and discovered guns and methamphetamine. One of the assisting officers was Sergeant Thomas Maher from the Ramsey County Sheriff's Office. When Sgt. Maher arrived at the scene before the arrest, other officers reported that the couple were in a parked vehicle, that they had been told Decker "may or may not" possess meth, and that they saw individuals coming and going from the vehicle, including one who had a brief interaction at the driver-side door.

Officers initiated the arrest by blocking the vehicle in and commanding Decker and his girlfriend to exit the vehicle. The couple did not respond for about six minutes, but they eventually exited the vehicle and were arrested. Officers then searched Decker and found about $1,100 of cash in small bills. Sgt. Maher then approached the passenger side door, which had been left open. He later testified that he immediately saw a small plastic baggie containing suspected narcotics in the door compartment. Sgt. Maher's body-worn camera shows that he first pulled a small black and pink object out from the door compartment before removing the baggie.

Additional searches of the vehicle yielded firearms and 179 grams of meth. The seized evidence led to charges against Decker for being a felon in possession of a firearm, for possession of meth with intent to distribute, and for possessing firearms in furtherance of a drug trafficking crime. Decker moved to suppress the evidence obtained from the vehicle, arguing the initial baggie of suspected drugs was not in plain view.

The R&R recommends denying Decker's motion, finding the search was valid because Sgt. Maher observed suspected narcotics in plain view, and even if he had not,

the other circumstances offered sufficient probable cause to search the vehicle. Decker's objections do not offer a sufficient basis to reject the R&R's reasoning.

## II.     Plain View Objection

The bodycam footage and the suppression hearing transcript support the determination that Sgt. Maher credibly testified that the first baggie he removed from the door compartment was in his plain view. Decker contends that the black and pink object "absolutely" obscured the baggie because it was nearly as long as the compartment itself.

Even though the bodycam footage does not show the state of the objects in the door compartment before Sgt. Maher removed them, the evidence does not support Decker's characterization. Sgt. Maher agreed with defense counsel's description of the black and pink object as being "maybe three, four, five inches long," and the video shows that the object takes up, at most, about one-third of the door compartment. Because the black and pink object does not take up the entire compartment, Sgt. Maher's testimony that he saw the baggie in the compartment from his perspective (which is slightly above the bodycam) remains credible. The video also shows the baggie being displaced as Sgt. Maher removes the black and pink object, which suggests the baggie was resting on top of or next to the object. Had the baggie been under the object and obscured as Decker contends, it would not have been pushed up and over when Sgt. Maher pulled the object out of the compartment.

It is Decker's burden to provide evidence and argument to support his suppression motion. *See United States v. Edwards*, 563 F. Supp. 2d 977, 994 (D. Minn. 2008). But the evidence he cites does not support his position. Therefore, his objection is overruled.

### III. Probable Cause Objection

Decker's objection to the rest of the R&R's probable cause analysis fares no better. He challenges the officers' collective knowledge as "collective speculation" that does not support suspicion of selling drugs. He also insists that neither the discovery of $1,100 in cash nor the delay in exiting the vehicle, without evidence of furtive movements, supports probable cause.

Though Decker points out how each of these circumstances would not support probable cause on its own, he does not confront the R&R's reliance on their combined effect to support probable cause. The R&R cites cases in which each of the circumstances at issue *contributed* to a probable cause finding. It did not rule that any one circumstance was individually sufficient to support probable cause. Decker also overlooks that it was not just the amount but also the nature of the cash (small bills) that raised Sgt. Maher suspicions. And he does not account for Sgt. Maher's testimony that his training and experience colored his understanding of the reported circumstances as showing drug sales activity. For these reasons, Decker's objection is overruled.

### ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 68) are **OVERRULED**;

2. The July 30, 2025 Report and Recommendation (Doc. No. 67) is **ACCEPTED**; and

3.      Defendant's Motion to Suppress Evidence (Doc. No. 53) is **DENIED**.

Date: September 5, 2025                              *s/ Jerry W. Blackwell*
                                                             JERRY W. BLACKWELL
                                                             United States District Judge